95 F.3d 1153
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Juadon RANDLE, Petitioner-Appellant,
v.
Tom CAMPBELL, Warden, Luther Luckett Correctional Complex,
Respondent-Appellee.
 No. 95-6118.
 United States Court of Appeals, Sixth Circuit.
 Aug. 20, 1996.
 
 Before: MARTIN, KRUPANSKY, and DAUGHTREY, Circuit Judges.
 ORDER
 Juadon Randle, a Kentucky state prisoner, appeals through counsel the denial of his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The parties have waived oral argument, and this panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 In 1988, a jury convicted Randle of first degree rape, and he was sentenced to ten years of imprisonment. His conviction was affirmed on direct appeal in the state courts. Randle then filed this petition for federal habeas corpus relief, raising claims of prosecutorial misconduct and the denial of a fair trial due to the allegation that some of the jurors fell asleep during his testimony. The matter was referred to a magistrate judge, who recommended that the petition be denied. The district court adopted this recommendation over Randle's objections.
 Upon review, we conclude that the comments of the prosecutor objected to by Randle did not so infect the trial with unfairness as to result in a denial of due process. See Sawyer v. Smith, 497 U.S. 227, 235 (1990). Furthermore, we find that Randle failed to preserve the issue regarding the sleeping jurors at trial, and therefore procedurally defaulted on this claim. See Engle v. Isaac, 456 U.S. 107, 126-29 (1982). The record shows that it was a tactical or intentional decision by Randle's counsel not to preserve the error for review, which does not constitute cause to excuse the default. See Reed v. Ross, 468 U.S. 1, 13-14 (1984). Finally, the record reveals that no miscarriage of justice will result from the failure to address this claim. See Olsen v. McFaul, 843 F.2d 918, 932 (6th Cir.1988).
 
 
 1
 Accordingly, the district court's order denying this petition for a writ of habeas corpus is affirmed.